UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GAGNE WEALTH MANAGEMENT, INC., JAY C. GAGNE,<br>Plaintiffs,<br>v.<br>VINYA SAGI MUSO,<br>Defendant. | ) | No. 1:26-cv-02334-JRO-MG |

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND GRANTING STAY PENDING ARBITRATION**

This matter comes before the Court on a Motion for a Temporary Restraining Order filed by Plaintiffs Gagne Wealth Management, Inc. ("GWM") and Jay C. Gagne (together, "Plaintiffs") against Defendant Vinya Sagi Muso under Federal Rule of Civil Procedure 65(b), 18 U.S.C. § 1836(b)(3)(A), Ind. Code § 24-2-3-3, and S.D. Ind. L.R. 65-2. Dkt. 2. Also before the Court is Plaintiffs Motion to Compel Arbitration and Stay Proceedings, dkt. 3.

For the reasons stated below, the motion for temporary restraining order, dkt. [2], is **GRANTED**. Plaintiffs Motion to Stay Proceedings and Compel Arbitration, dkt [3], is also **GRANTED.**

## I. LEGAL STANDARD

Preliminary injunctive relief is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *See Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) (quoting *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020)); *see also Eicher Motors Ltd. v. P'ships & Unincorporated*

*Ass'ns Identified on Schedule "A"*, 794 F. Supp. 3d 543, 553 (N.D. Ill. 2025) ("[P]rejudgment asset restraints ought to be the rare exception[.]").

The Court may grant a temporary restraining order upon Plaintiff showing (1) some likelihood of succeeding on the merits, (2) irreparable harm for which there is no adequate remedy at law, (3) the balance of harms favors the Plaintiff, and (4) that the order is in the public interest. *Abbott Lab'ys v. Mead Johnson & Co.*, 971 F.2d 6, 11–12 (7th Cir. 1992)); *see Barker v. Reagle*, No. 1:23-cv-00994-JMS-TAB, 2023 WL 3918964, at *2 (S.D. Ind. June 9, 2023) ("Courts generally apply the same equitable standards to a motion for a temporary restraining order as they do to a motion for a preliminary injunction.").

## II. DISCUSSION

Upon the Court's review of Plaintiff's evidence, the Court finds that Plaintiffs have satisfied the four-part showing for obtaining a fourteen-day temporary restraining order.

Rule 65(c) requires the Court to issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, "[u]nder appropriate circumstances bond may be excused notwithstanding the literal language of Rule 65(c)." *Wayne Chem., Inc. v. Columbus Agency Serv. Corp.*, 567 F.2d 692, 701 (7th Cir. 1977). Given the parties agreement as to the terms of the temporary restraining order, *see* dkt. 23, the Court finds this to be a circumstance when bond is not needed.

Plaintiffs represent that they have filed with FINRA Dispute Resolution Services a Statement of Claim requesting permanent injunctive relief and all other relief with respect to this dispute, as contemplated by FINRA Rule 13804(a)(2). Under FINRA Rule 13804(b)(1), an arbitration hearing on Plaintiffs' request for permanent injunctive relief will begin within fifteen (15) days of the date this Order is issued, and a temporary restraining order of fourteen (14) days under Federal Rule of Civil Procedure 65(b)(2) preserves the status quo until the FINRA panel determines whether further injunctive relief is warranted.

Since the dispute will be resolved by a FINRA arbitration panel, the Court will compel that arbitration and stay this matter pending a determination by a FINRA arbitration panel or other resolution by the parties.

**III. CONCLUSION AND TEMPORARY RELIEF**

Considering these reasons, the Court **GRANTS** Plaintiff's Motion for a Temporary Restraining Order. Dkt. [2]. A separate fourteen-day temporary restraining order shall issue contemporaneously with this order. *See* Fed. R. Civ. P. 65(d).

The Court **GRANTS** Plaintiff's motion to stay these proceedings, dkt. [3], and hereby, **STAYS** this matter pending a determination by a FINRA arbitration panel or other resolution by the parties.

**SO ORDERED.**

Date: 11/5/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record